V. T. LILLY *et al.* v. LINCOLN FINANCE COMPANY and G. C. HEDRICK

(Nos. 7138 7138-A)

Submitted May 17, 1932. Decided May 24, 1932.

*Ben H. Ashworth, C. W. Dillon,* and *McGinnis & Ashworth,* for appellants.

*A. D. Preston* and *C. L. Lilly,* for appellees.

WOODS, JUDGE:

In this suit the plaintiffs, who had formerly secured a loan of $10,000.00 from the Lincoln Finance Company in consideration of the execution of 120 notes of $147.50 each, secured by deed of trust, ask that the notes be delivered up, and that G. C. Hedrick, in his own right and as trustee, and the finance company be required to account for moneys received under a trust sale.

The bill charged the contract between the plaintiffs and the finance company to be usurious, and that G. C. Hedrick, trustee, had sold the property held by him to secure the debt due the finance company to Dr. D. W. Warren, for $11,000 00, instead of $6,000.00 as recited in the deed. Both the deed of trust and the deed to Warren were attached to and made a part of the bill. The answer, which was joint and several, while denying usury, admits that an amount greatly in excess of six per cent was exacted by the finance company, and the terms of the trust deed so show. The answer also admits that the consideration from Warren was $11,000.00, but seeks to set up an understanding between Hedrick and V. T. Lilly, whereby Hedrick was to be come entitled to any sum derived from the sale in excess of the trust debt. A general replication was interposed. The testimony of V. T. Lilly and J. H. Lilly was taken on behalf of the plaintiffs.

V. T. Lilly denied the purported agreement set up in the answer. J. H. Lilly heard no such agreement. Defendants offered no evidence at this time. So, under the case as it then stood, the chancellor, as shown in a decree entered April 13, 1931, found that the contract was usurious, that Hedrick, as trustee, had made sale to Warren for $11,000.00, and that plaintiff had paid $3,687.50 on the debt; and referred the matter to a commissioner to determine the costs and expenses properly chargeable to G. C. Hedrick, trustee, as expenses and commissions for said sale, the amount of the proceeds from the trust sale that the trustee had paid over to the finance company, the amount of money, if any, remaining in the hands of the trustee, and the amount of money due plaintiffs by reason of overpayment with interest thereon. The commissioner's report showed, among other things, an over-payment of $1,078.22 to the finance company, and $1,373.23 in Hedrick's hands, over and above commissions and expenses. Interest was also added to both amounts to July 15, 1931, the date of said report. A decree was entered on the last-mentioned date, in conformity with the commissioner's finding. Appeals are prosecuted by defendants from both decrees.

Matters regarding trust estates are cognizable in a court of equity. The admitted mis-recital in the deed by Hedrick, trustee, to Warren, as to the consideration, together with the other matters before the court were sufficient to confer jurisdiction and to warrant a reference to a commissioner. In the light of the direct evidence of V. T. Lilly the chancellor was warranted in finding that there was no such contract as contended for by Hedrick. While contracts and dealings between the trustee and the *cestui que trust* are not absolutely prohibited and are in some instances upheld, equity looks upon such a contract with watchful and suspicious eye and permits it to stand only when the trustee affirmatively shows that the agreement was entirely fair and advantageous to the beneficiary and that there was no fraud, concealment, undue influence, or unconscientious advantage. 39 Cyc. 300. And, a trustee seeking to enforce the collection of a trust

debt is not permitted to occupy the inconsistent position of seller and purchaser of the trust subject. *Fleshman* v. *Hoylman,* 27 W. Va. 728.

Hedrick and Warren both testified before the commissioner to the effect that the latter's offer was made on the condition that Hedrick secure a driveway for the property. Hedrick contends that the trust property was enhanced in value by reason of his efforts in this regard to the extent of $2,800.00, to which he claims credit, together with an additional item of $440.00 for financing the purchaser. Both claims were refused by the commissioner, in which action he is upheld by the chancellor. So long as the trustee is not relieved from his trusteeship, he must act in the interest of the beneficiary. 39 Cyc. 296. He is not entitled to profit at the expense of the trust. The enhanced value is an incident to the trusteeship and inures to the benefit of his *cestui.* 26 R. C. L. 1281. It appears, however, that Hedrick has received credit for all proper claims presented.

The finance company, in its settlement with Hedrick, who was a stockholder and director therein, attempted to purge the transaction of usury and by a method of calculation ascertained that $10,000.00, plus six per cent interest, could be paid off in 83 months at the rate of $147.50 per month, or a total outlay of $12,242.77. The commissioner, however, after ascertaining the amount due at the time of default (twenty-five notes having been paid), calculated interest thereon to the date of sale. This method is in accord with the general practice. The difference in the two methods of calculation accounts for the overpayment heretofore referred to.

We are of opinion that the two decrees complained of should be affirmed.

*Affirmed.*